## ELY *vs.* SPOFFORD & TILESTON.

The defendants, having a claim against the government, for the refunding of duties erroneously collected of them, upon goods imported, the plaintiff proposed to recover any excess of duties so paid, and cause the same to be refunded, upon his receiving for his services and expenses one half of the amount, or, at the option of the claimants, a reasonable compensation to be afterwards agreed upon; he agreeing to save the defendants harmless from all costs, &c. and to charge his commission only " on whatever sum or sums of money he might recover for them." The defendants, agreeing to the plaintiff's proposal, signed a stipulation to that effect, qualified by the words " not to interfere with any other arrangement already made." They had previously employed D. & O. to prosecute the same claim, who were then engaged in the business. The claim having been allowed, and a large sum of money refunded to the defendants; *Held* that the fair construction of the agreement was that the plaintiff might co-operate, without interfering with D. & O.; that he should be entitled to compensation, to the extent of his services, not exceeding one half the amount of the duties recovered; and that in no case should the compensation given to both sets of agents, for the whole service, be more than that one half.

And the defendants having allowed to D. & O. one third of the amount recovered, as their compensation, it was further *held* that the proper measure of compensation to the plaintiff was the difference between that one third, and the one half to which he would have been entitled had the recovery of the duties been effected exclusively through his efforts.

THIS action was brought by the plaintiff to recover compensation, as an agent, for the recovery of claims on the United States government for duties illegally exacted of the defendants on importations of sugars and molasses—being duties exacted on deficiencies in weight and measure, occasioned by drainage and leakage during the voyage of importation. The complaint alleged an employment of the plaintiff, by the defendants, to prosecute and recover their claims for the return of such duties, upon an agreement to pay him one half of the recovery, he bearing all the expenses, and saving the defendants harmless from expense. It also alleged a recovery of such duties by the defendants, owing to the plaintiff's exertions, of $30,000, and claimed $15,000 as compensation. The answer put in issue the allegations of the complaint, and set up as an affirmative defense, that the

Ely *v.* Spofford.

plaintiff's employment was expressly subject to, and not to interfere with, a prior employment by the defendants of Earl Douglass and Henry Ogden, as their agents, to do the same work, and by whose efforts the defendants recovered all the duties refunded to them, and whom they paid in full. The issues thus joined have been tried three times. First trial before Morris, J. and a jury, September 15th, 1853. Verdict for the plaintiff, $5153.25. The verdict was set aside, and a new trial ordered. (*See* 22 *Barb.* 231, *where the facts are more fully stated.*) Second trial before Mitchell, J. and a jury, March 16th, 1857. Verdict for the plaintiff, $12,830. This verdict was subject to the opinion of the court, and was set aside, and the cause referred, by order of the general term, to three referees. Third trial before referees, October 26th, 1858—July 25th, 1859. Two of the referees reported, December 30, 1859, in favor of the plaintiff, finding that he had been employed by the defendants; that his employment was conditioned not to interfere with any other prior arrangement; that a prior arrangement had been made by the defendants with Douglass and Ogden, to whom they had paid one third of the duties recovered, the amount recovered being $18,305.50; that the plaintiff by his services *contributed materially to the recovery,* and was entitled to the difference between the one-third and one-half of such duties, $3050.92, as compensation for such services. Judgment entered on this report, April 4, 1860, for $6328.24, from which the defendants appealed.

*Wm. A. Butler,* for the appellants.

*E. C. Delavan,* for the plaintiff.

CLERKE, P. J. There is nothing in the contract, upon which this action is founded, to warrant the construction that the plaintiff should be entitled to no compensation, except in the event of the abandonment of the contract between the

Ely *v.* Spofford.

defendants and Douglass and Ogden, or the failure of the latter to perform it. The restriction, that the contract between the plaintiff and defendants should not interfere with any arrangement previously made, was evidently not intended to prevent the plaintiff from proceeding to recover from the treasury the excess of duties claimed by the defendants. Otherwise it would have been perfectly futile to make any arrangement at all with the plaintiff, unless it was probable that Douglass and Ogden intended to make no efforts, under their contract. Of this there was no indication whatever, at the time the defendants made the agreement with the plaintiff. It was possible, of course, that Douglass and Ogden might not be able to succeed in their efforts to recover the excess of duties, and that the plaintiff might. In that case the plaintiff would be entitled to one half of the amount of the recovery; but it is clearly reconcilable with the intention and purpose of all the parties to both contracts that if Douglass and Ogden should contribute to the recovery, they should be entitled to one third.

I think, therefore, that the fair construction of the agreement under consideration is, that the plaintiff may co-operate, without interfering, with Douglass and Ogden; that he should be entitled to compensation to the extent of his services, not exceeding one half of the amount of the duties recovered, and that, in no case, should the compensation given to both sets of agents, for the whole service, be more than that one half.

To ascertain the amount of the plaintiff's compensation, the referees have taken the difference between one third of the duties allowed by the defendants to Douglass and Ogden and one half; to which the plaintiff would be entitled if the recovery had been effected exclusively through his aid, and they have allowed to him the difference as the measure of what his services were worth.

The judgment should be affirmed, with costs.

LEONARD, J. I concur. There was no restriction upon the plaintiff that he should not assist in recovering the duties paid under protest, even if Douglass and Ogden should continue their exertions. The plaintiff was restricted from interfering with the proceedings of Douglass and Ogden.

The referees were limited in estimating the value of the plaintiff's services, but they were authorized in extending that valuation, if the proof was sufficient, as they have done, to one half of the whole recovery from the treasury.

There is no reason for disturbing their judgment.

INGRAHAM, J. concurred.

Judgment affirmed.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Ingraham* and *Leonard,* Justices.]